UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 17-CV-6722 (JFB) (GRB)

———————————

WIEST INTERNATIONAL, GMBH,
F/K/A LUWOMED GMBH BERLIN

Plaintiff,

VERSUS

HANS-JOERG ZOBEL,

Defendant.

———————————

**MEMORANDUM AND ORDER**
February 6, 2018

———————————

JOSEPH F. BIANCO, District Judge:

Plaintiff Wiest International, GMBH brings this action against Hans-Joerg Zobel for breach of contract and unjust enrichment. The dispute arises from plaintiff's investment in ZZ Global, LLC ("ZZ Global"), a limited liability company majority-owned by defendant. Plaintiff alleges that defendant breached ZZ Global's Operating Agreement and a related Personal Guaranty by refusing to redeem plaintiff's membership interest in ZZ Global as required under those agreements. Plaintiff also asserts a claim for unjust enrichment based on the same alleged facts.

Defendant requests that the Court dismiss the case based on a forum selection clause contained in the Operating Agreement.

Plaintiff argues that the forum selection clause is not mandatory and, in any event, does not apply to all of its claims.

For the reasons below, the Court concludes that the forum selection clause is mandatory and applies to all of plaintiff's claims. Accordingly, defendant's motion to dismiss based on the forum selection clause is granted without prejudice to plaintiff bringing the claims in the appropriate state court. Finally, because the Court dismisses the action, it also vacates its December 7, 2017 order of attachment.

I. BACKGROUND[1]

The Court assumes the parties' familiarity with the facts and procedural history of the case, and will summarize only

---

[1] In considering a motion to dismiss based on a forum selection clause, a court may review materials outside of the pleadings. *E.g.*, *Universal Grading Serv. v.*

*eBay, Inc.*, No. 08-CV-3557 (CPS), 2009 WL 2029796, at *10 (E.D.N.Y. June 10, 2009) (collecting cases).

those facts relevant to the instant motion.

## A. The Complaint

According to the complaint, sometime in late 2011, plaintiff invested in, and became a member of, ZZ Global, a limited liability company majority-owned by defendant. (*See* Compl. ¶¶ 7, 9, ECF No. 1.) In connection with that investment, on November 31, 2011, plaintiff signed ZZ Global's Operating Agreement, and thereby "acknowledge[d] and agree[d] to [its] terms and conditions." (Pl's Br. Ex. A at 26, ECF No. 29-1.) As relevant here, the Operating Agreement contains a forum selection clause that provides: "The parties and members designate the courts of the State of New York, County of Suffolk as the venue to resolve any disputes that may arise among them, and consent to the personal jurisdiction of such courts." (*Id.* at 22.)

Plaintiff and defendant also executed a Personal Guaranty relating to plaintiff's investment in ZZ Global. (*See generally* Pl's Br. Ex. B, ECF No. 29-2.) Under the Personal Guaranty, defendant agreed to "personally redeem [plaintiff's] membership interest and guaranty the payment of €375,000 due to redeem [plaintiff's] membership interest" if ZZ Global was financially unable to do so on March 31, 2017. (*Id.* at 2.) Plaintiff signed the Personal Guaranty, and thereby "acknowledge[d] and accept[ed] [its] provisions" on November 31, 2011. (*Id.* at 3.)

## B. Procedural History

On November 16, 2017, plaintiff commenced this action alleging that defendant breached the Operating Agreement and the Personal Guaranty by failing to

redeem plaintiff's membership interest and pay plaintiff €375,000 as required by those agreements. On November 20, 2017, plaintiff moved for an *ex parte* order of attachment on a residence owned by defendant in Watermill, New York. (ECF No. 8.) Finding no basis for the *ex parte* nature of the motion, the Court ordered plaintiff to attempt to serve the motion on defendant. (ECF No. 9.) On December 7, 2017, after plaintiff advised the Court that it had engaged in several good faith efforts to locate and serve defendant, the Court found that plaintiff had satisfied the requirements for an order of attachment and granted the motion. (ECF No. 16.)

On December 28, 2017, plaintiff moved for default judgment. (ECF No. 22.) By Order dated January 24, 2018, the Court directed defendant to respond in writing within fourteen days as to why default judgment should not be entered. (ECF No. 25.) On January 27, 2018, defense counsel submitted a letter to the Court in which he opposed plaintiff's motion for default judgment, requested that the Court vacate the order of attachment, and moved to dismiss the action based on, *inter alia*, the Operating Agreement's forum selection clause. (*See generally* ECF No. 27.)[2] At the Court's request, plaintiff submitted a response letter on February 1, 2018. (ECF No. 29.) The Court held an in-person conference to discuss the parties' arguments on February 2, 2018. The Court has fully considered the parties' arguments and submissions.

## II. DISCUSSION

For the reasons explained below, the Court concludes that the forum selection clause sets exclusive venue in New York state court in Suffolk County, is valid and

---

[2] This was the first time that the Court received any communication from defense counsel.

enforceable, and applies to all of plaintiff's claims.[3]

## A. The Forum Selection Clause Sets Venue in New York State Court

As an initial matter, the parties dispute whether the forum selection clause sets venue in this Court. Specifically, plaintiff asserts that the phrase "courts of the State of New York, County of Suffolk" should be read to include a federal court located in Suffolk County. Well-established precedent forecloses plaintiff's argument. *See, e.g.*, *Dart Mech. Corp. v. Johnson Controls, Inc.*, No. 13-CV-2941JS WDW, 2013 WL 5937424, at *2 (E.D.N.Y. Nov. 4, 2013) ("The language, 'Courts of the State of New York,' sets venue in New York State courts."); *Phoenix Glob. Ventures, Inc. v. Phoenix Hotel Assocs., Ltd.*, No. 04–CV–4991, 2004 WL 2360033, at *6 (S.D.N.Y. Oct. 19, 2004), *aff'd*, 422 F.3d 72 (2d Cir. 2005) ("The language, '[a]ny proceeding shall be initiated in the courts of the State of New York,' clearly establishes exclusive jurisdiction in New York state courts."); *Rogen v. Memry Corp.*, 886 F. Supp. 393, 396 (S.D.N.Y. 1995) ("The use of the word 'of' and the phrase 'State of' is sufficiently specific and unambiguous to require that actions regarding the Agreement be litigated in New York State court."). Thus, the Court concludes that the forum selection clause does not set venue in this Court.

## B. The Forum Selection Clause Is Valid and Enforceable

To determine whether a forum selection clause is valid and enforceable, courts in this Circuit undertake a four-part analysis. Specifically, this Court must determine whether: (1) the clause was reasonably communicated to the party challenging enforcement; (2) the clause is mandatory, rather than permissive, in nature; and (3) the clause encompasses the plaintiff's claims. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). If these conditions are satisfied, the clause must be enforced unless the opposing party makes a "sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Martinez v. Bloomberg LP*, 740 F.3d 211, 221 (2d Cir. 2014) (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)).

### 1. The Clause Was Reasonably Communicated to Plaintiff

"A forum selection clause is reasonably communicated if it is phrased in clear and unambiguous language." *Magi XXI, Inc. v. Stato Della Citta Del Vaticano*, 818 F. Supp. 2d 597, 603 (E.D.N.Y. 2011), *aff'd*, 714 F.3d 714 (2d Cir. 2013). Here, plaintiff does not (and could not) dispute that the forum selection clause was reasonably communicated. The clause appears in clear and unambiguous terms in the main body of the Operating Agreement that plaintiff seeks to enforce. Moreover, plaintiff signed the Operating Agreement and thereby explicitly "acknowledge[d] and agree[d] to" the Operating Agreement's terms and conditions. Thus, the Court concludes that the forum selection clause was reasonably communicated to plaintiff. *See, e.g.*, *LaRoss Partners, LLC v. Contact 911 Inc.*, 874 F. Supp. 2d 147, 154 (E.D.N.Y. 2012) (stating that it would be "illogical" for a signatory to disclaim knowledge of a forum selection

---

[3] Defense counsel also asserts that service was improper and that plaintiff failed to meet the requirements for an order of attachment. However, given that this Court concludes that venue is improper here because of a mandatory forum selection clause (and is vacating the order of attachment), the Court need not address these other arguments.

clause); *Arial Techs., LLC v. Aerophile S.A.*, No. 14 CV 4435, 2015 WL 1501115, at *3 (S.D.N.Y. Mar. 31, 2015) ("The clause was reasonably communicated to [plaintiff], as it appears on the face of the contract that [plaintiff] signed and now seeks to enforce."); *Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp.2d 542, 558 (S.D.N.Y. 2013) ("Plaintiff seeks to enforce the terms of the Venture Agreement and therefore cannot . . . argue that it was unaware of the clause's existence.").

## 2. The Clause Is Mandatory

A forum selection clause is mandatory "when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." *Phillips*, 494 F.3d at 386. As a threshold matter, "[t]here are no magic words . . . that must appear in a contract to create an effective designation of an exclusive forum." *Water Energizers Ltd. v. Water Energizers, Inc.*, 788 F. Supp. 208, 211 (S.D.N.Y. 1992); *see also Macsteel Int'l USA Corp. v. M/V Larch Arrow*, 354 Fed. App'x 537, 539 (2d Cir. 2009) ("Exclusive jurisdiction can be granted to a forum without the use of specific language of exclusion (e.g., 'only', 'solely', or 'exclusively')." (quoting *Baosteel Am., Inc. v. M/V Ocean Lord*, 257 F. Supp. 2d 687, 689 (S.D.N.Y. 2003))). Instead, "[a]ny language that reasonably conveys the parties' intention to select an exclusive forum will do." *Water Energizers Ltd.*, 788 F. Supp. at 211. Thus, courts must "focus on the 'mandatory force of the words,' that is, whether the language requires that an action be venued in a specifically designated forum." *Macsteel Int'l USA Corp.*, 354 Fed. App'x at 540 (quoting *Phillips*, 494 F.3d at 386-87). Moreover, a forum selection clause is more likely to be mandatory if it identifies a specific court in which disputes will be resolved. *See, e.g.*, *Wells Fargo Century,*

*Inc. v. Brown*, 475 F. Supp. 2d 368, 371 (S.D.N.Y. 2007) (clause identifying "the Supreme Court of the State of New York, New York County" was mandatory).

Applying these standards, the Second Circuit has concluded that a forum selection clause stating that disputes "are to be brought in England" was mandatory because it "establishe[d] England as an obligatory venue for proceedings within the scope of the clause." *Phillips*, 494 F.3d at 386. In reaching that conclusion, the court placed particular emphasis on the "mandatory force" of the phrase "are to be" and the fact that the forum selection clause made "reference to a particular location." *Id.* Similarly, in *Langsam v. Vallarta Gardens*, No. 08 Civ. 2222(WCC), 2009 WL 8631353 (S.D.N.Y. June 15, 2009), the court concluded that the phrase "the parties agree to expressly submit to the court of Guadalajara City, Jalisco" "clearly conveye[d] an intent to confer jurisdiction upon Mexico and d[id] not, by its terms, appear broad or general enough to contemplate alternative venues." *Id.* at *5.

Here, the forum selection clause provides that the parties "*designate* the courts of the State of New York, County of Suffolk as *the* venue to resolve any disputes" between them. (Pl's Br. Ex. A at 22 (emphasis added).) The Court concludes that the clause is mandatory because it "designates" a specific venue— state court in Suffolk County—as "the" venue to resolve disputes among them. The mandatory force of the word "designates" and the use of the word "the" before venue support this conclusion. In other words, the forum selection clause conveys the clear intent to confer exclusive jurisdiction on state courts in Suffolk County, and is not broad or general enough to contemplate other venues.

### 3. The Clause Encompasses Plaintiff's Claims

Finally, the Court concludes that all of plaintiff's claims are subject to the forum selection clause. At the February 2, 2018 conference, plaintiff conceded that the forum selection clause applies to the claim for breach of the Operating Agreement. Moreover, plaintiff's written submissions do not argue that the clause does not apply to that claim.[4] Instead, plaintiff argues that the forum selection clause does not apply to the claim for breach of the Personal Guaranty because it is a distinct agreement between the parties, and it does not contain a forum selection clause. Thus, plaintiff asserts that the Court can retain the claim for breach of the Personal Guaranty even if it dismisses the claim for breach of the Operating Agreement for improper venue. The Court is not persuaded.

By its plain terms, the forum selection clause applies to "*any* disputes that may arise among [the parties and members]," without limitation. (Pl's Br. Ex. A at 22 (emphasis added).) Thus, this extremely broad language is not limited to disputes under the Operating Agreement, but rather covers any disputes between the parties and members. Plaintiff does not dispute that both plaintiff and defendant are parties to the Operating Agreement and members of ZZ Global. Thus, plaintiff's claim for breach of the Personal Guaranty falls squarely within the forum selection clause.

In any event, "[a] forum selection clause should not be defeated by artful pleading of claims not based on the contract containing the clause if those claims grow out of the

contractual relationship, or if the gist of those claims is a breach of that relationship." *Cfirstclass Corp. v. Silverjet PLC*, 560 F. Supp. 2d 324, 329 (S.D.N.Y. 2008) (quoting *Anselmo v. Univision Station Grp., Inc.,* No. 92 Civ. 1471(RLC), 1993 WL 17173, at *2 (S.D.N.Y. Jan. 15, 1993)). Here, the claim for breach of the Personal Guaranty grows out of the contractual relationship established by the Operating Agreement. In fact, it is the Operating Agreement that establishes plaintiff's interest in ZZ Global; plaintiff's right to a redemption of that interest; and ZZ Global's obligation to redeem the interest and remit payment when certain conditions are met. The Personal Guaranty simply establishes that defendant will be personally responsible for fulfilling certain of ZZ Global's obligations under the Operating Agreement. Thus, the claim for breach of the Personal Guaranty "grows out of" the contractual relationship established in the Operating Agreement and is accordingly covered by the forum selection clause. *See, e.g.*, *Gasland Petroleum, Inc. v. Firesteam Worldwide, Inc.*, No. 14-CV-597, 2015 WL 2074501, at *7 (N.D.N.Y. May 4, 2015) (forum selection clause applied to claim for breach of separate agreement where separate agreement originated from representations established in agreement containing the clause); *Russbeer Int'l LLC v. OAO Baltika Brewing Co.*, No. 07-CV-1212 (CBA), 2008 WL 905044, at *5 (E.D.N.Y. Mar. 31, 2008) (forum selection clause applied to claim for breach of separate agreement where gravamen of complaint involved rights established in agreement containing the clause). Accordingly, plaintiff's argument that the forum selection clause should be read narrowly to cover only the Operating

---

[4] With respect to the claim for unjust enrichment, plaintiff has not argued in letters, or at the conference, that the forum selection clause does not apply to that claim. In any event, for the same reasons that the Court concludes the clause applies to the claim for

breach of the Personal Guaranty, the Court concludes that the clause applies to the claim for unjust enrichment.

Agreement is defeated by the broad language of the clause itself and the intertwined nature of the Operating Agreement and the Personal Guaranty.

In sum, because the forum selection clause was reasonably communicated to plaintiff, is mandatory, and encompasses the claims at issue, it is valid and enforceable.[5]

### III. CONCLUSION

For the foregoing reasons, the Court finds that the Operating Agreement's forum selection clause is valid and enforceable and sets exclusive venue in New York state court in Suffolk County. The Court, therefore, grants without prejudice defendant's motion to dismiss this case based on improper venue. Because the Court dismisses the case, the order of attachment is vacated (without prejudice to plaintiff seeking such an attachment in state court).

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: February 6, 2018
Central Islip, NY

\*    \*    \*

Plaintiff is represented by Peter W. Yoars, Jr. of Yoars Law, LLC, 75 South Broadway, White Plains, NY 10601. Defendant is represented by Frank S. Scagluso of Frank S. Scagluso, P.C., 191 Terry Road, Smithtown, NY 11787.

---

[5] Plaintiff does not argue that the forum selection clause is invalid or that enforcement would be unreasonable or unjust. Nor is there any basis in the record to invalidate the clause on these grounds.